# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-50705
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICARDO AVILA-CRUZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:25-CR-194-1

---

Before HIGGINBOTHAM, SMITH, and HO, *Circuit Judges*.

PER CURIAM:[*]

Ricardo Avila-Cruz pleaded guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2), and he was sentenced above the applicable guidelines range to 72 months of imprisonment, followed by three years of supervised release. He now challenges the procedural and substantive reasonableness of his sentence, arguing that the district court (1) procedurally erred by failing to explain its reasons for the

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50705

upward variance and (2) imposed a substantively unreasonable sentence. Additionally, he contends that the district court plainly erred by imposing a term of supervised release on a deportable alien without an individualized finding that it was necessary to do so.

First, with respect to Avila-Cruz's claim of procedural error, the district court did not plainly err because it cited appropriate 18 U.S.C. § 3553(a) factors and gave reasons tied to those factors. *See United States v. Fraga*, 704 F.3d 432, 438-39 (5th Cir. 2013); *United States v. Key*, 599 F.3d 469, 473 (5th Cir. 2010). Because the "record makes the sentencing judge's reasoning clear and allows for effective review[,] no further explanation was required." *Fraga*, 704 F.3d at 439.

As to the substantive reasonableness of the sentence, in considering the totality of the circumstances, we conclude that the district court did not abuse its discretion because it relied on appropriate 18 U.S.C. § 3553(a) factors to support the upward variance. *See Key*, 599 F.3d at 475. Therefore, Avila-Cruz has not demonstrated that the sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Finally, even though a district court "ordinarily should not impose a term of supervised release" when it "is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment," U.S.S.G. § 5D1.1(c), it retains the authority to do so if it determines "that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case," *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012). Here, the district court did not plainly err because it explicitly

2

No. 25-50705

considered the 18 U.S.C. § 3553(a) sentencing factors and gave multiple, case-specific reasons for the sentence. *See Dominguez-Alvarado*, 695 F.3d at 330; *Key*, 599 F.3d at 473.

Given the foregoing, the judgment of the district court is AFFIRMED.